George E. Veitengruber, III, Esq.
Veitengruber Law LLC
1720 Route 34, Suite 10
Wall, NJ 07727
Telephone: 732-695-3303
Facsimile: 732-695-3917
George@Veitengruberlaw.com
Attorneys for Debtor(s)

Order Filed on December 7, 2017
by Clerk
U.S. Bankruptcy Court
District of New Jersey

In re:

Marco Esposito-Costagliola & Kimberly A. Esposito-Costagliola

Debtor(s)

Chapter 13 Proceedings

Case No. 17-30525

Judge: Michael B. Kaplan

Hearing Date: December 5, 2017

## ORDER AUTHORIZING SALE OF REAL PROPERTY

The relief set forth on the following pages numbered two (2) and three (3) is **ORDERED**.

**DATED: December 7, 2017**

Honorable Michael B. Kaplan
United States Bankruptcy Judge

After review of the Debtor's motion for authorization to sell the real property commonly known as 307 Bradford Place, Bayville, NJ 08721 (the Real Property).

**IT IS** hereby **ORDERED** as follows:

1. The Debtor is authorized to sell the Real Property on the terms and conditions of the contract of sale pursuant to 11 U.S.C. §§ 363(b) and 1303.

2. The proceeds of sale must be used to satisfy the liens on the real property unless the liens are otherwise avoided by court order. Until such satisfaction the real property is not free and clear of liens.

3. X In accordance with D.N.J. LBR 6004-5, the *Notice of Proposed Private Sale* included a request to pay the real estate broker and/or debtor's real estate attorney at closing. Therefore the following professional(s) may be paid at closing.

---

Name of professional: George E. Veitengruber, Attorney

Amount to be paid: Amount to be approved by the lender

Services rendered: Attorney for the Seller


Name of professional: Brian Scott of Remax Re Ltd.

Amount to be paid: $8,600.00

Services rendered: Realtor for Debtor


Name of professional: Louis Calio-Crossroads Realty

Amount to be paid: $8,400.00

Services rendered: Realtor for Buyer

---

**OR:** ☐ Sufficient funds may be held in escrow by the Debtor's attorney to pay real estate broker's commissions and attorney's fees for the Debtor's attorneys on further order of this court.

4. Other closing fees payable by the Debtor may be satisfied from the proceeds of sale and adjustments to the price as provided for in the contract of sale may be made at closing.

5. The amount of $ __47,350.00__ claimed as exempt may be paid to the Debtor.

6. The ☐ *balance of proceeds* or the ☐ *balance due on the debtor's Chapter 13 Plan* must be paid to the Chapter 13 Trustee in the Debtor's case.

7. A copy of the HUD settlement statement must be forwarded to the Chapter 13 Trustee 7 days after closing.

8. ☐ The debtor must file a modified Chapter 13 Plan not later than 21 days after the date of this order.

9. Other provisions:   Short Sale approval shall be sent to the Chapter 13 Trustee within 7 days of receipt.